# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| LAWRENCE J. PLAISANCE | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-5134 |
| MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION: "C" (2) |

## ORDER AND REASONS[1]

The Court, after considering the petition, the record, the applicable law, the Magistrate Judge's Findings and Recommendation, and the plaintiff's objections to the Magistrate Judge's Report and Recommendation, hereby APPROVES the Magistrate Judge's Findings and Recommendation for the following reasons.

## I. FACTUAL BACKGROUND

The facts summarized in the Magistrate Judge's Report and Recommendation are hereby incorporated into this Opinion. (Rec. Doc. 16 at 6-14)

## II. LEGAL STANDARD AND ANALYSIS

*1.  Applicable Law*

This court reviews the Report and Recommendation of the Magistrate Judge de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b).  However, the function of this court on judicial review under 42 U.S.C. § 405(g) is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and

---

[1]Francisco A. Besosa-Martinez, a third-year student at Tulane University Law School, assisted in the research and preparation of this opinion.

whether the Commissioner applied the appropriate legal standards in evaluating the evidence. See 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5 th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991). "Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner's findings are supported by substantial evidence they must be affirmed. *Martinez*, 64 F.3d at 173.

 A district court may not try the issues de novo, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113, 112 S.Ct. 1046, 117 L.Ed.2d 239 (1992). The district court must scrutinize the record in its entirety, however, to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

>Moreover, as stated in the Magistrate Judge's Report and Recommendation:
>
>To be considered disabled and eligible for disability insurance benefits, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501

to 404.1599 & appendices, §§ 416.901 to 416.998 (1997). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. Id. §§ 404.1520, 416.920; Newton v. Apfel, 209 F.3d at 453; Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. den. 514 U.S. 1120, 115 S. Ct. 1984 (1995).[2] The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. Id. If he successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. Greenspan, 38 F.3d at 236; Kraemer v. Sullivan, 885 F.2d 206, 208 (5th Cir. 1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant." Id.; accord Selders, 914 F.2d at 618.
The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [her] age, education, and work history." Martinez v. Chater, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." Id.

---

[2] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. Id. §§ 404.1520(c), 416.920(c)).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. Id. §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. Id. §§ 404.1520(e) and (f), 416.920(e) and (f).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. Id. §§ 404.1520(g)(1), 416.920(g)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. Id. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994) ("Medical-Vocational Guidelines").

3

Rec. Doc. 16 at 4-6.

*2.   Analysis*

It is apparent from the record that there is substantial evidence to support the Commissioner's findings. While Plaintiff urges the Court to find that he is incapable of light work, the ALJ's decision has sound support in the record. While Plaintiff contends that the 1995 Functional Capacities Evaluation (FCE) does not allow him to do light or sedentary work, the FCE in the record clearly states that "client <u>can</u> return to work at a LIGHT LEVEL of work." Rec. Doc. 10-2 at 409 (emphases in original). What the FCE said Plaintiff could not do was return to his job as a "Maintenance Repairer." *Id.* Additionally, the record is rich in medical evidence that supports the FCE finding and also includes testimony from a vocational expert who said that there were jobs available that someone with Plaintiff's injuries could perform. *Id.* at 443.

Plaintiff also contends that the ALJ failed to give controlling weight to Plaintiff's treating physicians, This, again, is not supported by the evidence in the record. During the time in question, Plaintiff was attended by four physicians (Drs. Farris, Culicchia, Klainer, and Cary). There is no report by Dr. Culicchia as to whether or not Plaintiff could return to light work. The only two reports in the record prepared by physicians both suggest that Plaintiff was capable of light work. On April 10, 1991, Dr. Farris reported to the worker's compensation insurer that plaintiff could perform light duty. *Id.* at 404. Moreover, Dr. Klainer prepared a report on August 31, 1992, that stated that Plaintiff could return to work on a provisionary basis and under modified working conditions. *Id.* at 381-82. The report also suggested that Plaintiff should return to Dr. Klainer immediately if he

were to experience severe back of leg pain. *Id.*

The only contradicting report is from Dr. Cary, who on June 17, 2004, prepared a report in which he opined that Plaintiff met the criteria for disability impairment and disability benefits. Id. at 97. This report, however, does not address Plaintiff's condition during the time he was insured. Nevertheless, Plaintiff claims that this report is relevant because Dr. Cary first saw him in 1995, at which time he performed surgery on Plaintiff. Even if Dr. Cary's report were construed to be relating to Plaintiff's condition during the time he was insured, the ALJ did not have to perform the detailed analysis because there were already two other reports in the record that were dated between the related period of time, which stated that Plaintiff could perform a reduced range of light duty work. Therefore, the relevant opinions of the treating physicians are consistent with the 1996 FCE and, as such, with the ALJ's findings.

The ALJ also properly assessed the side effects of Plaintiff's pain and medication. While it is true that "adjudicators must recognize that individuals may experience their symptoms differently and may be limited by their symptoms to a greater or lesser extent than other individuals with the same medical impairments and the same medical signs and laboratory findings[,]" Social Security Ruling 96-7p at *3, this does not mean that the ALJ must accept Plaintiff's testimony as to his condition as credible. This is particularly true in this case, where a great deal of evidence pointed in the other direction (i.e. that Plaintiff could do light work). Having relied on the FCEs during the relevant time as demonstrating residual functional capacity for a reduced range of light work, which were further corroborated by the medical opinions of Dr. Klainer and Dr. Farris, the ALJ reasonably

concluded that Plaintiff's testimony was not credible. Rec. Doc. 10-2 at 12-18.

Furthermore, it is clear that the ALJ applied the appropriate legal standard to assess credibility. Social Security Ruling 96-7p (SSR) does say, as Plaintiff points out, that an individual's statements regarding his or her symptoms, or statements from other people about the individual's symptoms, may not be disregarded "solely because they are not substantiated by medical evidence." Social Security Ruling 96-7p at *1. The SSR, however, also makes clear that:

> [i]f an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the **adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms.** The adjudicator must **then make a finding on the credibility of the individual's statements about symptoms and their functional effects.**

Id. at *4 (emphasis added). Furthermore,

> In making a finding about the credibility of an individual's statements, the adjudicator need not totally accept or totally reject the individual's statements. Based on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible. The adjudicator may . . . may find credible an individual's statement that the abilities to lift and carry are affected by symptoms, but find only partially credible the individual's statements as to the extent of the functional limitations or restrictions due to symptoms. . . .

Id. Thus, Plaintiff's contention that the ALJ erred in finding that the testimony by Plaintiff's children was not probative is without merit. Plaintiff argues that because the ALJ made certain statements during the hearings, which implied he believed what Plaintiff's children were saying, he was not at

6

liberty to say that the statements were not credible.[3] This is not supported by the SSR. The ALJ must not only determine whether an individual statement is credible, but to what degree. The ALJ's finding that the children's testimony was "non-probative" was not a reflection on their credibility, but rather an assessment that such testimony was not contributive to the analysis in this instance. The ALJ must weigh all of the evidence presented in its entirety and draw reasonable conclusions from it. This Court is unable to re-weigh this evidence. *See Ripley*, 67 F.3d at 555.

Finally, based on the record, it cannot be said that the ALJ's decision was arbitrary and capricious. The language used by the ALJ to suggest that "[t]his case is almost surely going back to District Court," *id.* at 433, does not necessarily mean that the ALJ had already decided to re-issue denial of benefits. It can simply be understood to mean that this case was a "close call" and that whichever way the ALJ ruled, whether he re-issued a denial or granted benefits, the party negatively affected by the decision would likely appeal to District Court.

### III. CONCLUSION

---

[3] During the hearing held on August 6, 2008, the ALJ stated the following while Plaintiff's daughter was testifying: "I want to say to you that I have no doubt in my mind in your coming here today to testify that in your mind you believe that everything you've told me is absolutely true. . . I have no doubt of that. . . I don't want you to think that I think you think you're lying to me."

7

Accordingly,

IT IS ORDERED that the defendant's cross-motion for summary judgment (Rec. Doc. 15) be GRANTED and the motion of the plaintiff, Lawrence J. Plaisance, for summary judgment (Rec. Doc. 12) be DENIED.

New Orleans, Louisiana, this 23rd day of November, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**